SMITH, APPELLANT, *v.* OHIO NORTHERN UNIVERSITY ET AL., APPELLEES.

(No. 6-85-11 — Decided
December 11, 1986.)

*A.J. Smith, pro se.*
*Chris J. North,* for appellee.

GUERNSEY, P.J. This is an appeal by the plaintiff, A.J. Smith, from a judgment of the Court of Common Pleas of Hardin County dismissing his complaint seeking injunctive relief and damages for failure to state a claim upon which relief could be granted and as barred by the statute of limitations.

In 1976, the plaintiff-appellant applied for admission to the college of law at Ohio Northern University. He was advised that he was not qualified to be admitted under regular criteria but would be permitted to attend a summer qualification program designed for candidates who could not be admitted under such regular criteria. Participants in the summer program who achieved a "B-" average with no grade below a "C" were guaranteed admission to the college of law, and would receive law school credit for the summer courses. Plaintiff elected to participate but did not maintain the required grade point average and was not admitted to the law school.

Plaintiff had previously attended Ohio Northern University and received an undergraduate degree in engineering. Plaintiff alleges that the grades he received during the summer qualification program have been maintained and recorded by the university and released on at least two occasions with his undergraduate record.

In 1985, plaintiff filed his current complaint against the university and various officers thereof, alleging that he had never been admitted to the college of law and that the university was therefore precluded from maintaining an academic record reflecting the grades he received from the summer courses. Defendants moved for dismissal of the complaint on the basis of failure to state a claim upon which relief could be granted and because the action was barred by the statute of limitations. The trial court entered judgment for defendants on both grounds, from which judgment plaintiff now appeals.

The first assignment of error asserts that the trial court erred in granting the motion to dismiss because plaintiff did state a claim upon which relief could be granted. While the complaint alleged several different claims, plaintiff has not cited, nor have we found, any authority which would require the university to remove the grades from appellant's academic record, or preclude it from maintaining the grades on plaintiff's undergraduate academic record. On the contrary, general principles of law state that a college or university may promulgate any rules or regulations necessary to the orderly management of the institution. Such rules and regulations are limited only in that they must be reasonable and not arbitrarily applied, and consistent with state and federal law. 54 Ohio Jurisprudence 2d (1962) 428, Universities and Colleges, Section 57. Plaintiff has failed to show that the maintaining of the grades he received during the summer qualification program, in conjunction with those he received during his undergraduate education, is unreasonable or arbitrary or in violation of any state or federal law. Whether plaintiff was "admitted" or merely "participating" in the college of law through the summer courses is irrelevant. Plaintiff attended the law school, if only for these limited courses, and the university may properly maintain records of that atten-

dance and plaintiff's achievement. The first assignment of error is not well-taken.

While our disposition of the first assignment of error somewhat moots any further discussion, App. R. 12 requires us to address each assignment of error. In his second assignment of error, plaintiff asserts that the trial court erred in holding that his action was barred by the statute of limitations. He alleges that a continuing wrong occurs each day the university maintains the grades upon his academic record, thereby extending the statute of limitations. We disagree. Plaintiff attended the university in the summer of 1976, and the grades were recorded at the end of that period. Whether based on tort or contract, any action plaintiff may have had accrued at that time.

No written contract existed between plaintiff and the university. Thus, any action sounding in breach of contract must be based upon an oral contract. R.C. 2305.07 states in pertinent part:

"* * * an action upon a contract not in writing, express or implied, * * * shall be brought within six years after the cause thereof accrued."

Plaintiff would have had to file this complaint by 1982; it was, however, not filed until 1985. The action was therefore barred.

Plaintiff also alleged a claim based on fraud. R.C. 2305.09 states in pertinent part:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued: "* * *

"(C) For relief on the ground of fraud; * * * "

Thus, this claim was also barred by the statute of limitations and the trial court properly dismissed plaintiff's complaint. The second assignment of error is not well-taken.

Having found no error, the judgment is affirmed.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.